JOHN N. TURNER & others *vs.* JOHN H. COMER & another.

An agreement, by which creditors agree to release their debtor, on payment of a certain portion of their several debts, but expressly stipulate that the agreement shall not be binding unless all the creditors become parties thereto, is ineffectual, if the claim of one creditor is paid in full, and he does not sign the agreement, although such payment is made within the time allowed for signing.

APPEAL from the decree of a commissioner of insolvency, disallowing a claim of Turner, Wilson, & Co. against the estate of James Snow, an insolvent debtor, of whom the appellees were the assignees.

At the trial in this court, it appeared that before the institution of the proceedings in insolvency, the appellants and many other creditors of Snow executed the following agreement in writing : " Boston, January 6th 1854. We, the undersigned, creditors of James Snow of West Brookfield, agree to release said James from all liability to us, upon his paying, within thirty days from the date hereof, fifty per cent. of our several claims ; twenty five per cent. in cash and twenty five per cent. in six months without interest, satisfactory paper accounts to be made. up to January 10th 1854; this obligation not binding unless all the creditors become parties hereto."

It also appeared that before the institution of the proceedings in insolvency, and within thirty days after the date of this agreement, Snow paid the parties thereto twenty five per cent. of their claims in cash, and twenty five per cent. more by notes satisfactorily indorsed ; and the appellees introduced *prima facie* evidence that all Snow's creditors became parties to the instrument. The appellants then proved that before the date of this agreement Snow was indebted to a firm who did not execute it, and afterwards paid them their debt in full. Upon these facts, *Thomas,* J. directed a verdict for the appellants ; and the appellees alleged exceptions.

*E. Washburn & G. F. Hoar,* for the appellees. The proof of the appellants was not sufficient to meet the *prima facie* case

made by the appellees. There was no fraudulent preference or fraudulent concealment. It does not appear that the creditors were ignorant of the existence of the claim which was paid in full. No time was limited in the instrument for the creditors to become parties; so that the law would imply a reasonable time. Within that time, there was no creditor in existence who had not signed the contract. Paying one creditor in full was no violation of the letter or spirit of the contract.

*C. Devens, Jr. & G. F. Verry*, for the appellants, were stopped by the court.

BY THE COURT. By the express terms of the agreement, proof that one creditor did not execute it showed that it was not binding on those who did. This express condition not having been fulfilled, the agreement is no bar to the appellants' claim.

*Exceptions overruled.*